UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,      :
                                              :       CASE NO. 5:02-CR-00454-001
          Plaintiff,                    :
                                              :
vs.                                          :       OPINION & ORDER
                                              :       [Resolving Doc. No. 30-1.]
TIMIKO PAYTON,                    :
                                              :
          Defendant.                  :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Timiko Payton moves this Court to reduce his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. [Doc. 30-1.] The United States opposes Payton's motion. [Doc. 31.] For the reasons that follow, the Court **DENIES** the motion.

**I. Background**

On January 20, 2003, Defendant Payton pleaded guilty to possession with intent to distribute approximately 12.67 grams of cocain base. [Doc. 31 at 1.] This guilty plea would have resulted in a base offense level of 26 under U.S.S.G. § 2D1.1. Under U.S.S.G. § 4B1.1, however, Defendant Payton qualified as a career offender. Section 4B1.1 enhanced his offense level to 37 with a Criminal History Category of VI. [Doc. 41 at 1-2.]

At sentencing, the Court reduced Defendant's offense level by three levels to 34 for Acceptance of Responsibility. The Court additionally reduced Defendant's sentence by four levels for his cooperation with the government. This resulted in an offense level of 30, and a guidelines

-1-

Case No. 5:02-CR-00454-001
Gwin, J.

range of 168-210 months. [Doc. 31 at 2.] This Court sentenced Defendant Payton to 168 months of incarceration. [Doc. 30-1.]

Several years after Payton's sentence, on November 1, 2007, Amendment 706 to the Guidelines became effective. "The retroactively applicable amendment reduced the base offense levels in U.S.S.G § 2D1.1 for unlawful possession of all but the largest quantities of crack cocain." *United States v. Perdue*, — F.3d —, 2009 WL 2015242, *1 (6th Cir. 2009). On July 16, 2009, Defendant Payton moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual. [Doc. 37-1 at 1-2.]

**II.  Analysis**

This Court has authority to reduce a sentence under 18 U.S.C. § 3582(c). In pertinent part, § 3582(c) provides:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered* by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c) (emphasis added.). In considering Payton's motion to reduce his sentence, this Court must determine whether the his sentences was "based on a sentencing range that has subsequently been lowered." *See id.*

Although Amendment 706 would lower Payton's offense level if it were based on § 2D1.1, § 4B1.1, the career-offender guideline, determined Payton's final offense level. Because

Case No. 5:02-CR-00454-001
Gwin, J.

Amendment 706 did not alter the sentencing ranges for career offenders. As the Government correctly points out, the Sixth Circuit has recently rejected Payton's argument, holding that "Amendment 706 has no effect on the ultimate range imposed on [a defendant] under the career-offender Guideline." *Perdue*, 2009 WL 2015242 at *4.[1]

Defendant Payton seeks to avoid this reading by saying that this Court "still has the discretion to resentence the defendant as it deems appropriate in furtherance of the sentencing purposes set forth in 18 U.S.C. § 3553(a)." [Doc. 37-1 at 2.] Congress, however, has limited a district court's ability to re-sentence under 18 U.S.C. § 3582(c)(2) to only those sentences "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As noted above, Amendment 706 does not apply § 4B1.1 sentences and Defendant Payton's sentences was based on § 4B1.1. Accordingly, § 2582(c)(2) does not grant this Court with the authority to re-sentence Payton. *See Perdue*, 2009 WL 2015242 at *4 ("Even assuming *arguendo* that the Sentencing Commission has no authority to limit the district court's ability to reduce [a defendant's] sentence, *Congress* may certainly cabin the court's discretion, and it does so expressly in the text of 18 U.S.C. § 3582(c)(2).").

### III. Conclusion

Because Amendment 706 does not affect Payton's sentence, and because this Court's discretion to resentence is constrained by the text of 18 U.S.C. § 3582(c)(2), this Court **DENIES** Defendant Payton's motion for resentencing.

---

[1] As the court noted in *Perdue*, this result is consistent with previous Sixth Circuit precedent, 2009 WL 2015242 at *3 (citing *United States v. Alexander*, 543 F.3d 819 (6th Cir.2008); *United States v. Leasure*, No. 07-6125, 2009 WL 1546370, at *7 (6th Cir. June 3, 2009)), and with authority in other circuits, *id.* (citing *United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir.2008); *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir.2009); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir.2009); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir.2008)).

-4-

Case No. 5:02-CR-00454-001
Gwin, J.

      IT IS SO ORDERED.


Dated: July 24, 2009                                s/      *James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE