UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,           :
                                    :   CASE NO. 5:02-CR-00454-001
       Plaintiff,                   :
                                    :
vs.                                 :   OPINION & ORDER
                                    :   [Resolving Doc. No. 42]
TIMIKO PAYTON,                      :
                                    :
       Defendant.                   :
                                    :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      In April 2003, this Court sentenced Defendant Timiko Payton to 168 months' imprisonment for possessing cocaine base with intent to distribute it. Payton now moves for a reduction in that sentence, *see* 18 U.S.C. § 3582(c)(2); United States Sentencing Guidelines Manual (USSG) § 1B1.10 (2011). He argues that the Sentencing Commission, pursuant to the Fair Sentencing Act of 2010, has retroactively reduced the guidelines sentences for cocaine-base offenses. [Doc. 42.] The United States opposes Payton's motion. [Doc. 43.] Because Payton was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c)(2), the Court **DENIES** Payton's motion.

### I. Background

      In January 2003, Payton pleaded guilty to possession with intent distribute approximately 12.67 grams of cocaine-base. Under the 2002 version of USSG § 2D1.1—the version used at Payton's first sentencing—Payton had a base offense level of 26. [Doc. 32, at 1.] But Payton qualified as a career offender. *Id.* Accordingly, USSG § 4B1.1 (2002) set Payton's offense level at 37. *Id.*

Case No. 5:02-CR-00454-001
Gwin, J.

The Court reduced Payton's offense level by three levels for acceptance of responsibility, and four more levels for his cooperation with the government. [Doc. 32, at 1.] Those reductions left Payton with a total offense level of 30, which, when combined with his criminal history category of VI, gave a guideline range of 168-210 months. USSG 1B1.10 (2002). This Court sentenced Payton to 168 months' incarceration. [Doc. 32, at 2.]

In July 2009, Payton moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). [Doc. 30.] This Court denied that motion because Payton was a career offender and, therefore, his applicable guidelines range" had not changed even though the § 2D1.1 guideline had been amended. [Doc. 32, at 3.] The Court of Appeals affirmed. [Doc. 37, at 3.] Now, Payton again moves for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and § 1B1.10.

## II. Analysis

The Court has some authority under 18 U.S.C. § 3582 to reduce a previously imposed sentence. In particular, § 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Accordingly, § 3582(c)(2) authorizes the Court to reduce Payton's sentence only if (1) that sentence is "based on a sentencing range that has subsequently been lowered" and (2) "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Court lacks authority under § 3582(c)(2) to grant Payton's requested reduction because his sentence was not "*based on* a sentencing range that has subsequently been lowered." *Id.*

Case No. 5:02-CR-00454-001
Gwin, J.

(emphasis added). Although Congress retroactively lowered the base offense levels for cocaine-base offenses after Payton was first sentenced, *compare* USSG § 2D1.1 (2002) *with* USSG § 2D1.1 (2011), the career offender guidelines ranges have not been lowered.

And Payton's sentence was based on the career offender guideline, not the base offense level in § 2D1.1. Payton is different from the defendant in *United States v. Jackson*, who was a career offender, but who received a below guidelines sentence that was based on the base offense level set out in § 2D1.1. *See* 678 F.3D 442, 444 (6th Cir. 2012). Unlike the district court in *Jackson*, this Court originally sentenced Payton within the career offender range, and so the cocaine-base guidelines played no role in determining Payton's original sentence. Thus, Payton was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered," 18 U.S.C. § 3582(c)(2), and the Court cannot oblige Payton's requested reduction.

### III. Conclusion

For these reasons, the Court **DENIES** Payton's motion for a sentencing reduction.

IT IS SO ORDERED.

Dated: August 31, 2012            s/     *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE